UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL JAMES MOORE,<br><br>                Plaintiff,<br><br>   v.<br><br>JOHN DOE, et al.,<br><br>               Defendants. | CASE NO. C16-0913-JLR-MAT<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff proceeds *pro se* and *in forma pauperis* in this matter filed pursuant to 42 U.S.C. § 1983. Following an order addressing deficiencies in plaintiff's first proposed § 1983 civil rights complaint (Dkt. 6), plaintiff submitted a proposed amended complaint (Dkt. 9). As in his original proposed complaint, plaintiff alleged a violation of his fourth amendment rights after police officers manufactured evidence to justify an illegal search and seizure, specifically, by planting or tampering with a beer can. (*Id*. at 3.) A review of the docket associated with the underlying criminal case identified by plaintiff in his original proposed complaint shows that the case began on November 1, 2013 and was dismissed, and plaintiff released from that

REPORT AND RECOMMENDATION
PAGE - 1

confinement, on March 6, 2014. *See* http://dw.courts. wa.gov (King County Superior Court Case Number 13-1-13270-9).

By Order dated October 24, 2016, the Court outlined the deficiency in the proposed amended complaint. (Dkt. 10.) Plaintiff named three "John Does" as defendants. He indicated these unnamed individuals are or were employed by the Seattle Police Department, but that he has no means of obtaining their names given his current incarceration. The Court advised plaintiff that the use of "John Doe" to identify a defendant is disfavored, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but that the Court would permit the use of John Doe defendants until plaintiff has an opportunity through discovery to identify individual defendants. However, because plaintiff named *only* John Does as defendants, there was no named defendant and no one upon whom service could be effectuated.

Given this deficiency, the Court declined to serve the amended complaint or to direct that an answer be filed. The Court granted plaintiff a final opportunity to amend by submitting an amended complaint naming a viable defendant within thirty days of the Court's October 24, 2016 Order.[1] The Court observed that, if no amended complaint was timely filed or if plaintiff filed an amended complaint that failed to name a viable defendant, the Court would recommend this matter be dismissed.

To date, the Court has not received a second amended complaint curing the above-described deficiency. For the reasons stated in the Order granting plaintiff another opportunity

---

[1] The Court reminded plaintiff that, should he again seek to name an individual defendant, he must set forth facts demonstrating when, where, and how that individual personally participated in causing him harm of constitutional dimension. The Court also reminded plaintiff as to the rules governing the naming of a municipal defendant. (*See* Dkts. 6 & 10.)

REPORT AND RECOMMENDATION
PAGE - 2

to amend and discussed above, the Court now recommends this matter be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 30, 2016**.

DATED this 6th day of December, 2016.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge